UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| QUAYSA FLUMO,<br><br>    Petitioner,<br> v.<br>E. RICOLCOL, Warden,<br><br>    Respondent. | No. 5:25-cv-01729-RGK-BFM<br><br>**ORDER TO SHOW CAUSE** |

## SUMMARY

This order concerns a habeas petition filed under 28 U.S.C. § 2241. Petitioner Quaysa Flumo is currently serving a sentence in federal custody. He alleges that in May 2025, his unit was locked down, not because of something he did, but because of the actions of other prisoners in his unit. As a result of the lockdown, Petitioner lost certain privileges, including access to his personal property, phone calls, and recreation, for three weeks.

For what he is trying to accomplish, it appears that Petitioner has filed the wrong kind of suit: a § 2241 habeas petition challenges the legality of confinement and requests earlier release from service of a sentence; it is not the proper way to hold a federal officer liable for constitutional violations relating

1  to conditions of confinement. Nor, given the differences between the two suits,
2  does it appear that the case is an appropriate one for conversion. The Court
3  orders Petitioner to show cause—to explain in writing—why his Petition should
4  not be dismissed without prejudice to Petitioner raising his claims in a different
5  kind of suit.

## FACTUAL BACKGROUND

On July 9, 2025, Petitioner Quayso Flumo filed a Petition for Writ of Habeas Corpus by a person in federal custody, pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner alleges that on May 8, 2025, his unit was locked down because of the actions of other individuals. For three works, he and his entire unit lost access to their property, and were deprived recreation time, access to email and the phone, and commissary. (ECF 1 at 3.) In an administrative complaint attached to his Petition, Petitioner explains that he has been repeatedly subjected to similar lockdowns because of the actions of others in his unit, each time losing access to privileges such as recreation, showers, law library, and phone calls. (ECF 1 at 8.)

## ANALYSIS

The court is required to screen all habeas petitions upon filing, and to summarily dismiss "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases. Petitions brought pursuant to Section 2241 are subject to the same screening requirements. *See* Rule 1(b) (a district court may "apply any or all of these rules" to any habeas petition); *see also Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4).

Petitioner claims that he has been subjected to harsh conditions of confinement based on the actions of other individuals in his unit. It appears that Petitioner may have filed the wrong kind of suit to raise that claim. Before the Court recommends that his Petition be dismissed, however, the Court will give Petitioner a chance to explain why it should not be dismissed.

A habeas petition under § 2241 is appropriate where a person alleges that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). A habeas petition is not the right method to challenge conditions of confinement that do not relate to the legality or duration of confinement. *Pinson v. Carvajal*, 69 F.4th 1059, 1070 (9th Cir. 2023). Put more concretely, habeas jurisdiction is appropriate for claims that, if successful, would "necessarily spell speedier release" from prison. *Id.* at 1072 (citation omitted).

Here, Petitioner claims that he has been subjected to harsh conditions of confinement. Such a claim is not generally appropriate for a habeas petition because it does not go to whether Petitioner can legally be required to finish serving his sentence. Instead, a claim that conditions of confinement violate a federal prisoner's constitutional rights is generally brought by way of a lawsuit pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), or through some other form of civil action. Such claims usually seek monetary relief, not a shorter sentence.

Assuming the Court is right that this claim should have been brought as a civil suit, the Court has the discretion to construe Petitioner's flawed § 2241 filing as a civil suit alleging violations of constitutional rights—essentially, to treat this filing as if it had raised a civil rights claim. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). The Court is not inclined to do so here, however, for several reasons. First, civil suits are subject to a more substantial filing fee: $350, and not the $5 filing fee that applies to habeas petitioners. Even

3

if Petitioner is granted in forma pauperis status, he will still be required to pay the full amount of the filing fee over time, at least as long as he in custody. 28 U.S.C. § 1915(b). And he would have to execute an authorization to have the $350 filing fee deducted from his trust account over time. Given the significant financial consequences of converting a habeas petition to a civil rights action, the Court is hesitant to do so—at least without the Petitioner's consent.

Second, if the Petition were converted, the Court would be obligated to screen the converted Petition pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). If the converted Petition were dismissed for failure to state a claim upon which relief may be granted, that dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g). Whether or not Petitioner wishes to risk that possibility, as well as incur the full filing fee, are decisions he should make, not decisions this Court can make for him. In doing so, Petitioner would have to consider the strict limitations put on the kinds of claims that can be subject to a *Bivens* action. *See Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017).

Finally, Petitioner has not alleged what remedy he is seeking in connection with his allegations or alleged who the defendant in such a suit would be. All these problems suggest that the claim is not "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." *See Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016).

Thus, the Court believes it is appropriate to dismiss this Petition without prejudice. Petitioner could then decide whether he wishes to raise the subject-matter of the Petition by filing a *Bivens* claim or some other civil claim in a properly submitted civil complaint. Before the Court makes that recommendation to the District Judge presiding in his case, however, the Court

will give Petitioner an opportunity to address these concerns.

Accordingly, by **no later that August 25, 2025**, Petitioner shall file a response addressing the concerns raised in this Order and explaining why his Petition should not be dismissed. **If Petitioner no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).** Doing so will not prejudice him raising his claims in a properly filed suit.

The Court Clerk is directed to provide Plaintiff with a blank Central District civil rights complaint form, and a blank notice of dismissal form.

Plaintiff is warned that, if he does not respond to this Order within the deadline set by the Court (or seek an extension of that deadline, if he has a good reason to do so), **the Court will recommend to the assigned District Judge that the action be dismissed without further leave to amend**.

DATED: July 24, 2025

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE